UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ROBERT EUGENE MOORE, JR., <br><br> Plaintiff, <br><br> v. <br><br> ROBERT FULTON, <br><br> Defendant. | Case No. 3:16-cv-02162 <br><br> Judge Trauger <br> Magistrate Judge Newbern |

To:   The Honorable Aleta A. Trauger, District Judge

## **REPORT AND RECOMMENDATION**

This matter has been referred to the Magistrate Judge to dispose or recommend disposition of all pretrial motions under 28 U.S.C. § 636. (Doc. No. 6.)

Now pending is Plaintiff Robert Eugene Moore, Jr.'s "motion to drop lawsuit," which the Court construes as a motion for voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1). (Doc. No. 41.) For the reasons that follow, the Magistrate Judge RECOMMENDS that the Court GRANT Moore's motion.

### **I.   Background**

Moore filed a pro se complaint alleging civil rights violations against Officer Robert Fulton, Major Tony Crawford, and the Robertson County Detention Center on August 8, 2016, in the Western District of Tennessee, which determined that this Court was the proper venue for the case and transferred it. (Doc. Nos. 1, 2, 4.) The Court conducted an initial review and granted Moore's application to proceed in forma pauperis, directed that process issue against Robert

Fulton, and dismissed Moore's claims against Crawford and the Robertson County Detention Center. (Doc. No. 6.) Fulton was served and filed an answer. (Doc. Nos. 33, 34.)

On September 21, 2017, Fulton, who also appears pro se, filed a motion styled "motion asking for dismissal" in which he asked the Court to dismiss this case because of the stress Moore's allegedly false accusations were causing his family and because of the plaintiff's inactivity in pursuing his claims. (Doc. No. 38.) For nearly a year, Moore did not file anything in response. On March 19, 2018, the Court issued an order to show cause directing Moore to advise the Court whether he wished to continue to pursue this case. (Doc. No. 39.) Moore responded to the Court's order stating that he intended to pursue his claims against Fulton and that he was attaching to his response two motions, one seeking "Appointment of Counsel" and another requesting that the Court "Rule on my Behalf." However, Moore's letter did not attach either motion. (Doc. No. 40.) On August 6, 2018, Moore filed the instant "motion to drop lawsuit."

## II.     Legal Standard

Federal Rule of Civil Procedure 41 provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. Fed. R. Civ. P. 41(a)(2). Whether to grant a dismissal pursuant to Rule 41(a)(2) is a matter within the sound discretion of the district court. *See Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994); *Garner v. Mo.–Pac. Lines*, 409 F.2d 6, 7 (6th Cir. 1969). Generally, "a district court should grant a motion for voluntary dismissal unless a defendant can show that it will suffer some plain legal prejudice as a result." *Waller v. Fin. Corp. of Am.*, 828 F.2d 579, 583 (9th Cir. 1987). "Plain legal prejudice" does not result simply because the defendant faces the prospect of defending a second lawsuit, *see Grover*, 33 F.3d at 718, nor does it result simply because the plaintiff may gain

2

some tactical advantage in a future lawsuit, *see Davis v. USX Corp.*, 819 F.2d 1270, 1275 (4th Cir. 1987).

In *Grover*, the Sixth Circuit identified four factors that a court should consider in determining whether to grant a voluntary dismissal: (1) the amount of time and effort the defendant has incurred in preparing for trial; (2) any lack of diligence on the part of the plaintiff in prosecuting the action; (3) the plaintiff's failure to explain the need for a dismissal; and (4) whether the defendant has filed a motion for summary judgment. *Grover*, 33 F.3d at 718. Given the circumstances of this case, none of these factors, alone or in combination with one another, weighs in favor of denying the motion.

### III. Analysis

Based on the record in this action, Fulton has put little time and effort into preparing to defend this action, although he states it has taken an emotional toll. Fulton has made only two filings (Doc. Nos. 34, 38), both seeking exactly what Moore seeks here—dismissal of this action (Doc. No. 38). He has not filed a motion for summary judgment. Moore has not been diligent in pursuing his claims, to the point that, after more than a year of inactivity, the Court issued an order to show cause to determine whether Moore intended to continue with this action.[1] Although Moore responded that he wanted to pursue his claims and would be filing two motions, he did not make those filings. With respect to why he now wants to dismiss the action, Moore states that he has been sentenced on federal criminal charges and that he cannot be sent to the Federal Bureau of Prisons to begin serving his time because this action is pending. (Doc. No. 41, PageID# 130.) He asks that the Court dismiss this action and "notify the United States Marshal . . . that this matter is

---

[1] Before responding to the Court's order to show cause on April 17, 2018, the last time Moore filed anything in this action was November 7, 2016, when he provided a new address for Fulton so that process could be served. (Doc. No. 18.)

final with the [dismissal] of this lawsuit." (*Id.* at PageID# 131.) Because all four factors weigh in favor of dismissal, the undersigned will recommend that Moore's motion be granted.

The remaining question is whether the dismissal should be with or without prejudice. While Moore does not directly address this question in his filing, he makes clear that he wants this dismissal to be final. Dismissal with prejudice is appropriate.

**IV.     Conclusion**

For these reasons, the undersigned Magistrate Judge RECOMMENDS that Moore's motion (Doc. No. 41) be GRANTED and that this action be DISMISSED WITH PREJUDICE.

Any party has fourteen days after being served with this report and recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this report and recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 20th day of August, 2018.

ALISTAIR E. NEWBERN
United States Magistrate Judge